UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br><br>**HUGH ANTHONY WILSON,**<br><br>DEBTOR. | CHAPTER 13<br>CASE NO. 17-04704-5-DMW |

**FLAGSHIP CREDIT ACCEPTANCE'S**
**MOTION FOR RELIEF FROM STAY OF ACT AGAINST PROPERTY**
*(2007 Lexus RX 350)*

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Flagship Credit Acceptance ("Flagship"), a creditor of the estate, Movant herein and files this its Motion for Relief from Stay of Act Against Property as to Debtor, Hugh Anthony Wilson ("Debtor") and Co-Debtor, Aicha Zejly Wilson ("Co-Debtor"), and would respectfully show the Court as follows:

1.     The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 362 and 1301.

2.     Respondent filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 26, 2017.  John F. Logan is the appointed Chapter 13 Trustee.

3.      On or about March 24, 2015, Debtor and Co-Debtor entered into  Retail Installment Sale Contract (the "Contract") with Auction Direct USA, for the purchase of a **2007 Lexus RX 350; Vehicle Identification No. 2T2HK31U57C006677** (the "Vehicle").  The Contract was assigned to Flagship.  True copies of the Contract, including its assignment to Flagship, and a North Carolina DMV Lien Title Report reflecting the interest of Flagship are attached hereto as Exhibits "A" and "B" respectively.

4.     As of July 3, 2018, the balance due under the Contract to Movant was $14,619.15. Also as of July 3, 2018, the account had an arrears balance of $4,697.87.  Pursuant to the Contract,

1181841V1

monthly installment payments are $514.43. A true copy of the account's transaction history through July 3, 2018, is attached hereto as Exhibit "C."

5. Per Debtor's confirmed Chapter 13 Plan, Flagship is to be paid direct by Debtor, and Debtor's pre-petition arrears of $162.00 are to be paid via the plan. As of July 3, 2018, Debtor's account was past due 270 days, with a due date of October 8, 2017.

6. According to the NADA Guides, the Vehicle's clean retail value is $11,325.00. There is no equity in the Vehicle. A true copy of the NADA Guides Value report referenced for this amount is attached hereto as Exhibit "D."

7. A continuation of the automatic stay will work real and irreparable harm to Flagship and will deprive Flagship of the adequate protection to which it is entitled under 11 U.S.C. §§ 361-62 and § 1301 for the following reasons, among others:

    (a) The Vehicle is not necessary for Respondent's reorganization;

    (b) Debtor and Co-Debtor have failed to make payments to Flagship pursuant to the terms of the Contract and the Chapter 13 plan;

    (c) Debtor's account is significantly in arrears; and

    (d) There is no equity in the Vehicle.

8. For the foregoing reasons, Flagship seeks to terminate the automatic stay and co-debtor stay of 11 U.S.C. §§ 362 and 1301.

WHEREFORE, PREMISES CONSIDERED, Flagship Credit Acceptance requests as follows:

1. That an order terminating the automatic stay and co-debtor stay be entered to permit it to repossess the Vehicle and to exercise its available rights and remedies;

1181841V1

      2.      That Debtor and Co-Debtor be ordered to voluntarily release the Vehicle to Flagship or advise it of the location of the Vehicle and the name, address, and telephone number of any third party in possession of the Vehicle;

      3.      That Flagship be allowed a general unsecured claim in this case for any outstanding deficiency balance remaining after sale or subsequent disposition of the Vehicle; and

      4.      For such other and further relief as is just.

DATED: This the 17th day of July, 2018.

                        RESPECTFULLY SUBMITTED,

                        */s/ Kristen M. Redman*
                        Jennifer P. Himes
                        N.C. State Bar No. 48943
                        Kristen M. Redman
                        N.C. State Bar No. 49739
                        *Attorneys for Flagship Credit Acceptance*

**OF COUNSEL:**

Tuggle Duggins P.A.
P. O. Box 2888
Greensboro, NC 27402
Telephone: (336) 378-1431
Email: KRedman@tuggleduggins.com

1181841V1

# EXHIBIT A

(Page 1 of 4)

# RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE
## THIS IS A CONSUMER CREDIT DOCUMENT
### (WITH ARBITRATION PROVISION)

Dealer Number: _____    Contract Number: _____

| Buyer Name and Address (including County and Zip Code) | Co-Buyer Name and Address (including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| AICHA ZEJLY WILSON<br>500 CARALEIGH COURT<br>[REDACTED]VILLE, NC 27560 | HUGH ANTHONY WILSON<br>500 CARALEIGH CT<br>[REDACTED] NC 27560 | AUCTION DIRECT USA RALEIGH<br>7601 Glenwood Ave<br>Raleigh, NC 27612 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2007 | LEXUS RX 350 | 2T2HK31U57C026677 | Personal, family, or household unless otherwise indicated below<br>☐ business  ☐ agricultural  ☐ _____ |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | Amount Financed<br>The amount of credit provided to you or on your behalf | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $1,500.00 |
|---|---|---|---|---|
| 16.49 % | $10,079.17 | $20,786.63 | $30,865.80 | $32,365.80 (e) |

### Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 514.43 | Monthly beginning 05/08/15 |

Or As Follows: _____

**Late Charge.** If payment is not received in full within ___10___ days after it is due, you will pay a late charge of ___5___% of the part of the payment that is late. If the vehicle is primarily for personal, family, household, or agricultural use, the maximum charge for each late payment will be $ _8.00_

**Prepayment.** If you pay off your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED
1. Cash Price (including $ _591.13_ sales tax) ............................ $ _18,191.13_ (1)
2. Total Downpayment =
   Trade-in _None_
   (Year)   (Make)   (Model)
   Gross Trade-In Allowance ............... $ _N/A_
   Less Pay Off Made By Seller ............ $ _N/A_
   Equals Net Trade In ...................... $ _N/A_
   + Cash ....................................... $ 1,500.00
   + Other ...................................... $ _N/A_
   (If total downpayment is negative, enter "0" and see 4I below)  $ 1,500.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) .......................... $ 16,691.13 (3)
4. Other Charges including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):
   A. Cost of Optional Credit Insurance Paid to Insurance
      Company or Companies
      Life ...................................... $ _N/A_
      Disability ............................. $ _N/A_   $ _N/A_
   B. Vendor's Single Interest Insurance Paid to Insurance Company .... $ _N/A_
   C. Other Optional Insurance Paid to Insurance Company or Companies .. $ _N/A_
   D. Optional Gap Contract ......................................... $ 595.00
   E. Official Fees Paid to Government Agencies
      _____ ................................................. $ _N/A_
   F. Government Taxes Not Included in Cash Price ................. $ _N/A_
   G. Government License and/or Registration Fees
      _____ ................................................. $ 66.50
   H. Government Certificate of Title Fees ......................... $ 40.00
   I. Other Charges (Seller must identify who is paid and describe purpose)
      to _N/A_ for Prior Credit or Lease Balance $ _N/A_
      to AUCTION DIRECT USA _RADOC-FEE_ $ 499.00
      to ALPHA WARRANTY SERV for SERVICE CONTRACT $ 1,795.00
      to _N/A_ for _N/A_ $ _N/A_
      to _N/A_ for _N/A_ $ _N/A_
      to _N/A_ for _N/A_ $ _N/A_
      to _N/A_ for _N/A_ $ _N/A_
      to _N/A_ for _N/A_ $ _N/A_
      to _N/A_ for _N/A_ $ _N/A_
      Total Other Charges and Amounts Paid to Others on Your Behalf $ 2,995.50 (4)
5. Amount Financed (3 + 4) ........................................ $ 20,786.63 (5)

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest insurance is required is checked below.
If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
**Optional Credit Insurance**

☐ Credit Life  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability  ☐ Buyer  ☐ Co-Buyer  ☐ Both
Premium:
Credit Life $ _N/A_
Credit Disability $ _N/A_
Insurance Company Name _N/A_
Home Office Address _N/A_
_N/A_

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**
☐ _N/A_ _N/A_
   Type of Insurance   Term
Premium $ _N/A_
Insurance Company Name _N/A_
_N/A_
Home Office Address _N/A_
_N/A_
☐ _N/A_ _N/A_
   Type of Insurance   Term
Premium $ _N/A_
Insurance Company Name _N/A_
_N/A_
Home Office Address _N/A_
_N/A_

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above
X _N/A_ Date _____
Buyer Signature
X _N/A_ Date _____
Co-Buyer Signature

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

Returned Check Charge: You agree to pay a charge of $ 25.00 if any check you give us is dishonored.

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.
Term __60__ Mos    Name of Gap Contract __US GAP__

I want to buy a gap contract
Buyer Signs X _Aicha Wilson_

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance).** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ _N/A_ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _Aicha Wilson_    Co-Buyer Signs X _Hugh Anthony W/c_

### NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.  Buyer Signs X _Aicha Wilson_  Co-Buyer Signs X _Hugh Anthony W/c_
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.
Buyer Signs X _Aicha Wilson_ Date 03/24/15  Co-Buyer Signs X _Hugh Anthony W/c_ Date 03/24/15
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ Address _____
Seller signs AUCTION DIRECT USA RALEIGH Date 03/24/15 By X _____ Title _____

Seller assigns its interest in this contract to FLAGSHIP CREDIT ACCEPTANCE  (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse  ☒ Assigned without recourse  ☐ Assigned with limited recourse
AUCTION DIRECT USA RALEIGH

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. How we will figure Finance Charge. We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. How we will apply payments. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. You may prepay. You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
   a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. Security Interest.
      You give us a security interest in:
      • The vehicle and all parts or goods installed in it;
      • All money or goods received (proceeds) for the vehicle;
      • All insurance, maintenance, service or other contracts we finance for you; and
      • All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.
   d. Insurance you must have on the vehicle.
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and charge you must pay. The charge will be the cost of the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract.
      If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. What happens to returned insurance, maintenance, service, or other contract charges. If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on the contract at once. Default means:
      • You do not pay any payment on time;
      • You give false, incomplete, or misleading information on a credit application;
      • You start a proceeding in bankruptcy or one is started against you or your property; or
      • You break any agreements in this contract.
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. You may have to pay collection costs. If we hire an attorney to collect what you owe, you will pay attorney's fees and court costs, as the law allows. The maximum attorney's fee you will pay will be 15% of the amount you owe.
   d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. How you can get the vehicle back if we take it. If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
      We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   Unless the Seller makes an express warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **SERVICING AND COLLECTION CONTACTS**
   You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. **APPLICABLE LAW**
   Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

---

**ARBITRATION PROVISION**
PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website. Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

**EXHIBIT B**



## STATE OF NORTH CAROLINA
## DEPARTMENT OF TRANSPORTATION

ROY COOPER  
GOVERNOR

JAMES H. TROGDON, III  
SECRETARY

July 10, 2018

Below is the information you requested in reference to 2007 LEXS RX350;

        2T2HK31U57C006677       FUEL G

CUST ID 000025153629      2007 LEXS    RX350

AICHA ZEJLY WILSON  
CUST ID 000009944822  
HUGH ANTHONY WILSON  
TITLE 775942151112622S    XFER DATE 03/24/2015   PRINT DATE 10/28/2017  
OWNERS 2  
LIEN 1 OF 1    LIEN DATE 04/22/2015  ACCOUNT NBR

LIENHOLDER ID: 000031487373    ELT ENROLL DT 11/18/2014  
FLAGSHIP CREDIT ACCEPTANCE  
LIENHOLDER ID:

LIENHOLDER ID:

RESIDENCE ADDRESS: PO BOX 2070  
          COPPELL    TX 750198070

MAILING ADDRESS :

ONE TIME ADDRESS :

*Mailing Address:*  
DIVISION OF MOTOR VEHICLES  
RTP UNIT  
3148 MAIL SERVICE CENTER  
RALEIGH, NC 27697-3148

*Telephone:* (919) 715-7000  
*Fax:* (919) 716-5999

*Website:* www.ncdot.gov/dmv

*Location:*  
286 AVIATION PARKWAY  
ELIZABETHTOWN, NC

# EXHIBIT C

This report does not include a payoff amount. If you are interested in paying off your amount, please call Flagship at (800) 900-5150, Monday to Friday, 8:00 AM to 8:00 PM EST.

PAYMENT ALLOCATION: Except where required by law, we will apply your payment first to accrued interest, then to principal due, and then to unpaid fees. Any additional amount will be credited to principal. If you pay late, you will accrue more in unpaid interest than would otherwise be the case. This might explain why your principal balance in unchanged or why unpaid fees still show as outstanding.

# FLAGSHIP
### CREDIT ACCEPTANCE

| Date of Report | Customer Name | | | Account Number | | VIN | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/03/2018 | AICHA ZEJLY WILSON | | | | | 2T2HK31U57C006677 | | | | |

| | | Principal Paydown Information | | | | Payment Allocation | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date Payment Applied | Description | Starting Balance | Amount Applied to Principal | Ending Balance | Amount of Payment Received /Adjustment Made | Amount Applied to Interest | Amount Applied to Principal | Amount Applied to Late Fees | Amount Applied to Misc. Fees |
| 3/24/2015 | New Loan Activity | $0.00 | $20,786.63 | $20,786.63 | $0.00 | $0.00 | $20,786.63 | $0.00 | $0.00 |
| 5/11/2015 | Payment processed | $20,786.63 | ($63.67) | $20,722.96 | $514.43 | ($450.76) | ($63.67) | $0.00 | $0.00 |
| 6/12/2015 | Payment processed | $20,722.96 | ($214.84) | $20,508.12 | $514.43 | ($299.59) | ($214.84) | $0.00 | $0.00 |
| 7/18/2015 | Adjustment of Late Charges | $20,508.12 | $0.00 | $20,508.12 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 7/24/2015 | Payment processed | $20,508.12 | $0.00 | $20,508.12 | $250.00 | ($250.00) | $0.00 | $0.00 | $0.00 |
| 7/31/2015 | Payment processed | $20,508.12 | ($66.43) | $20,441.69 | $270.43 | ($204.00) | ($66.43) | $0.00 | $0.00 |
| 8/18/2015 | Adjustment of Late Charges | $20,441.69 | $0.00 | $20,441.69 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 9/4/2015 | Payment processed | $20,441.69 | ($185.20) | $20,256.49 | $508.43 | ($323.23) | ($185.20) | $0.00 | $0.00 |
| 9/18/2015 | Adjustment of Late Charges | $20,256.49 | $0.00 | $20,256.49 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 10/2/2015 | Payment processed | $20,256.49 | ($276.19) | $19,980.30 | $532.43 | ($256.24) | ($276.19) | $0.00 | $0.00 |
| 10/18/2015 | Adjustment of Late Charges | $19,980.30 | $0.00 | $19,980.30 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 11/7/2015 | Payment processed | $19,980.30 | ($195.47) | $19,784.83 | $520.43 | ($324.96) | ($195.47) | $0.00 | $0.00 |
| 11/18/2015 | Adjustment of Late Charges | $19,784.83 | $0.00 | $19,784.83 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 11/20/2015 | Payment processed | $19,784.83 | ($398.80) | $19,386.03 | $515.00 | ($116.20) | ($398.80) | $0.00 | $0.00 |
| 12/18/2015 | Adjustment of Late Charges | $19,386.03 | $0.00 | $19,386.03 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 1/4/2016 | Payment processed | $19,386.03 | ($95.81) | $19,290.22 | $489.86 | ($394.05) | ($95.81) | $0.00 | $0.00 |
| 1/18/2016 | Adjustment of Late Charges | $19,290.22 | $0.00 | $19,290.22 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 1/4/2016 | Reversal of Payment | $19,290.22 | $95.81 | $19,386.03 | ($489.86) | $394.05 | $95.81 | $0.00 | $0.00 |
| 1/26/2016 | Payment processed | $19,386.03 | $0.00 | $19,386.03 | $200.00 | ($200.00) | $0.00 | $0.00 | $0.00 |
| 1/28/2016 | Payment processed | $19,386.03 | $0.00 | $19,386.03 | $289.86 | ($289.86) | $0.00 | $0.00 | $0.00 |
| 2/9/2016 | Payment processed | $19,386.03 | ($295.80) | $19,090.23 | $514.43 | ($218.63) | ($295.80) | $0.00 | $0.00 |

Flagship Credit Acceptance                                                                                        Page 1 of 4



This report does not include a payoff amount. If you are interested in paying off your account, please call Flagship at (800) 900-5150, Monday to Friday, 8:00 AM to 8:00 PM EST.

PAYMENT ALLOCATION: Except where required by law, we will apply your payment first to accrued interest, then to principal due, and then to unpaid fees. Any additional amount will be credited to principal. If you pay late, you will accrue more in unpaid interest than would otherwise be the case. This might explain why your principal balance in unchanged or why unpaid fees still show as outstanding.

| Date Payment Applied | Description | Principal Paydown Information ||| Payment Allocation ||||
|---|---|---|---|---|---|---|---|---|
| | | Starting Balance | Amount Applied to Principal | Ending Balance | Amount of Payment Received /Adjustment Made | Amount Applied to Interest | Amount Applied to Principal | Amount Applied to Late Fees | Amount Applied to Misc. Fees |
| 2/18/2016 | Adjustment of Late Charges | $19,090.23 | $0.00 | $19,090.23 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 3/11/2016 | Payment processed | $19,090.23 | ($247.80) | $18,842.43 | $514.43 | ($266.63) | ($247.80) | $0.00 | $0.00 |
| 3/18/2016 | Adjustment of Late Charges | $18,842.43 | $0.00 | $18,842.43 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 3/11/2016 | Reversal of Payment | $18,842.43 | $247.80 | $19,090.23 | ($514.43) | $266.63 | $247.80 | $0.00 | $0.00 |
| 3/30/2016 | Payment processed | $19,090.23 | ($138.38) | $18,951.85 | $568.43 | ($430.05) | ($138.38) | $0.00 | $0.00 |
| 4/7/2016 | Payment processed | $18,951.85 | ($392.15) | $18,559.70 | $460.46 | ($68.31) | ($392.15) | $0.00 | $0.00 |
| 3/30/2016 | Reversal of Payment | $18,559.70 | $138.38 | $18,698.08 | ($568.43) | $430.05 | $138.38 | $0.00 | $0.00 |
| 4/7/2016 | Reversal of Payment | $18,698.08 | $392.15 | $19,090.23 | ($460.46) | $68.31 | $392.15 | $0.00 | $0.00 |
| 4/15/2016 | Payment processed | $19,090.23 | ($0.76) | $19,089.47 | $568.42 | ($567.66) | ($0.76) | $0.00 | $0.00 |
| 4/18/2016 | Adjustment of Late Charges | $19,089.47 | $0.00 | $19,089.47 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 4/22/2016 | Payment processed | $19,089.47 | ($508.20) | $18,581.27 | $568.41 | ($60.21) | ($508.20) | $0.00 | $0.00 |
| 5/14/2016 | Payment processed | $18,581.27 | ($330.25) | $18,251.02 | $514.43 | ($184.18) | ($330.25) | $0.00 | $0.00 |
| 5/18/2016 | Adjustment of Late Charges | $18,251.02 | $0.00 | $18,251.02 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 5/21/2016 | Payment processed | $18,251.02 | ($456.87) | $17,794.15 | $514.43 | ($57.56) | ($456.87) | $0.00 | $0.00 |
| 5/14/2016 | Reversal of Payment | $17,794.15 | $330.25 | $18,124.40 | ($514.43) | $184.18 | $330.25 | $0.00 | $0.00 |
| 6/18/2016 | Payment processed | $18,124.40 | ($100.57) | $18,023.83 | $514.43 | ($413.86) | ($100.57) | $0.00 | $0.00 |
| 6/18/2016 | Adjustment of Late Charges | $18,023.83 | $0.00 | $18,023.83 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 6/25/2016 | Payment processed | $18,023.83 | ($349.61) | $17,674.22 | $406.46 | ($56.85) | ($349.61) | $0.00 | $0.00 |
| 7/18/2016 | Adjustment of Late Charges | $17,674.22 | $0.00 | $17,674.22 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 8/5/2016 | Extension processed - Simple interest loan | $17,674.22 | $0.00 | $17,674.22 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8/18/2016 | Adjustment of Late Charges | $17,674.22 | $0.00 | $17,674.22 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 8/19/2016 | Payment processed | $17,674.22 | ($76.46) | $17,597.76 | $514.43 | ($437.97) | ($76.46) | $0.00 | $0.00 |
| 9/18/2016 | Adjustment of Late Charges | $17,597.76 | $0.00 | $17,597.76 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |

Flagship Credit Acceptance

Page 2 of 4

**FLAGSHIP CREDIT ACCEPTANCE**

This report does not include a payoff amount. If you are interested in paying off your account, please call Flagship at (800) 900-5150, Monday to Friday, 8:00 AM to 8:00 PM EST.

PAYMENT ALLOCATION: Except where required by law, we will apply your payment first to accrued interest, then to principal due, and then to unpaid fees. Any additional amount will be credited to principal. If you pay late, you will accrue more in unpaid interest than would otherwise be the case. This might explain why your principal balance in unchanged or why unpaid fees still show as outstanding.

| Date Payment Applied | Description | Principal Paydown Information | | | Payment Information | | Payment Allocation | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Starting Balance | Amount Applied to Principal | Ending Balance | Amount of Payment Received / Adjustment Made | Amount Applied to Interest | Amount Applied to Principal | Amount Applied to Late Fees | Amount Applied to Misc. Fees |
| 10/18/2016 | Adjustment of Late Charges | $17,597.76 | $0.00 | $17,597.76 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 10/31/2016 | Payment processed | $17,597.76 | $0.00 | $17,597.76 | $514.43 | ($514.43) | $0.00 | $0.00 | $0.00 |
| 11/4/2016 | Payment processed | $17,597.76 | ($418.36) | $17,179.40 | $514.43 | ($96.07) | ($418.36) | $0.00 | $0.00 |
| 10/31/2016 | Reversal of Payment | $17,179.40 | $0.00 | $17,179.40 | ($514.43) | $514.43 | $0.00 | $0.00 | $0.00 |
| 11/4/2016 | Reversal of Payment | $17,179.40 | $418.36 | $17,597.76 | ($514.43) | $96.07 | $418.36 | $0.00 | $0.00 |
| 11/28/2016 | Payment processed | $17,597.76 | $0.00 | $17,597.76 | $300.00 | ($300.00) | $0.00 | $0.00 | $0.00 |
| 12/6/2016 | Payment processed | $17,597.76 | $0.00 | $17,597.76 | $214.43 | ($214.43) | $0.00 | $0.00 | $0.00 |
| 12/16/2016 | Payment processed | $17,597.76 | ($599.79) | $16,997.97 | $1,028.86 | ($429.07) | ($599.79) | $0.00 | $0.00 |
| 12/18/2016 | Adjustment of Late Charges | $16,997.97 | $0.00 | $16,997.97 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 12/16/2016 | Reversal of Payment | $16,997.97 | $599.79 | $17,597.76 | ($1,028.86) | $429.07 | $599.79 | $0.00 | $0.00 |
| 12/30/2016 | Payment processed | $17,597.76 | ($59.93) | $17,537.83 | $600.00 | ($540.07) | ($59.93) | $0.00 | $0.00 |
| 1/5/2017 | Payment processed | $17,537.83 | ($467.50) | $17,070.33 | $515.00 | ($47.50) | ($467.50) | $0.00 | $0.00 |
| 1/18/2017 | Adjustment of Late Charges | $17,070.33 | $0.00 | $17,070.33 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 1/30/2017 | Payment processed | $17,070.33 | ($237.20) | $16,833.13 | $430.00 | ($192.80) | ($237.20) | $0.00 | $0.00 |
| 1/30/2017 | Reversal of Payment | $16,833.13 | $237.20 | $17,070.33 | ($430.00) | $192.80 | $237.20 | $0.00 | $0.00 |
| 2/17/2017 | Payment processed | $17,070.33 | ($182.82) | $16,887.51 | $514.43 | ($331.61) | ($182.82) | $0.00 | $0.00 |
| 2/18/2017 | Adjustment of Late Charges | $16,887.51 | $0.00 | $16,887.51 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 2/28/2017 | Payment processed | $16,887.51 | $0.00 | $16,887.51 | $13.29 | ($13.29) | $0.00 | $0.00 | $0.00 |
| 2/28/2017 | Payment processed | $16,887.51 | ($344.36) | $16,543.15 | $415.00 | ($70.64) | ($344.36) | $0.00 | $0.00 |
| 3/18/2017 | Payment processed | $16,543.15 | ($379.90) | $16,163.25 | $514.43 | ($134.53) | ($379.90) | $0.00 | $0.00 |
| 3/18/2017 | Adjustment of Late Charges | $16,163.25 | $0.00 | $16,163.25 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 3/18/2017 | Reversal of Payment | $16,163.25 | $379.90 | $16,543.15 | ($514.43) | $134.53 | $379.90 | $0.00 | $0.00 |
| 4/3/2017 | Payment processed | $16,543.15 | ($260.32) | $16,282.83 | $514.43 | ($254.11) | ($260.32) | $0.00 | $0.00 |

**FLAGSHIP**
CREDIT ACCEPTANCE

This report does not include a payoff amount. If you are interested in paying off your account, please call Flagship at (800) 900-5150, Monday to Friday, 8:00 AM to 8:00 PM EST.

PAYMENT ALLOCATION: Except where required by law, we will apply your payment first to accrued interest, then to principal due, and then to unpaid fees. Any additional amount will be credited to principal. If you pay late, you will accrue more in unpaid interest than would otherwise be the case. This might explain why your principal balance in unchanged or why unpaid fees still show as outstanding.

| Date Payment Applied | Description | Principal Paydown Information | | | Payment Allocation | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | Starting Balance | Amount Applied to Principal | Ending Balance | Amount of Payment Received /Adjustment Made | Amount Applied to Interest | Amount Applied to Principal | Amount Applied to Late Fees | Amount Applied to Misc Fees |
| 4/18/2017 | Adjustment of Late Charges | $16,282.83 | $0.00 | $16,282.83 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 4/18/2017 | Payment processed | $16,282.83 | ($404.09) | $15,878.74 | $514.43 | ($110.34) | ($404.09) | $0.00 | $0.00 |
| 5/8/2017 | Payment processed | $15,878.74 | ($370.95) | $15,507.79 | $514.43 | ($143.48) | ($370.95) | $0.00 | $0.00 |
| 5/18/2017 | Adjustment of Late Charges | $15,507.79 | $0.00 | $15,507.79 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 6/2/2017 | Payment processed | $15,507.79 | ($339.28) | $15,168.51 | $514.43 | ($175.15) | ($339.28) | $0.00 | $0.00 |
| 6/18/2017 | Adjustment of Late Charges | $15,168.51 | $0.00 | $15,168.51 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 7/18/2017 | Adjustment of Late Charges | $15,168.51 | $0.00 | $15,168.51 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 7/22/2017 | Payment processed | $15,168.51 | ($171.79) | $14,996.72 | $514.43 | ($342.64) | ($171.79) | $0.00 | $0.00 |
| 7/22/2017 | Reversal of Payment | $14,996.72 | $171.79 | $15,168.51 | ($514.43) | $342.64 | $171.79 | $0.00 | $0.00 |
| 8/5/2017 | Payment processed | $15,168.51 | ($75.85) | $15,092.66 | $514.43 | ($438.58) | ($75.85) | $0.00 | $0.00 |
| 8/11/2017 | Payment processed | $15,092.66 | ($473.51) | $14,619.15 | $514.43 | ($40.92) | ($473.51) | $0.00 | $0.00 |
| 8/18/2017 | Adjustment of Late Charges | $14,619.15 | $0.00 | $14,619.15 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 9/18/2017 | Adjustment of Late Charges | $14,619.15 | $0.00 | $14,619.15 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 9/21/2017 | Extension processed - Simple interest loan | $14,619.15 | $0.00 | $14,619.15 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 9/21/2017 | Extension processed - Simple interest loan | $14,619.15 | $0.00 | $14,619.15 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/18/2017 | Adjustment of Late Charges | $14,619.15 | $0.00 | $14,619.15 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 11/18/2017 | Adjustment of Late Charges | $14,619.15 | $0.00 | $14,619.15 | $0.00 | $0.00 | $0.00 | $6.00 | $0.00 |
| 4/30/2018 | Payment processed | $14,619.15 | $0.00 | $14,619.15 | $80.00 | ($80.00) | $0.00 | $0.00 | $0.00 |
| 5/29/2018 | Payment processed | $14,619.15 | $0.00 | $14,619.15 | $10.00 | ($10.00) | $0.00 | $0.00 | $0.00 |
| 6/27/2018 | Payment processed | $14,619.15 | $0.00 | $14,619.15 | $10.00 | ($10.00) | $0.00 | $0.00 | $0.00 |

**EXHIBIT D**

7/16/2018

**NADA Used Cars/Trucks**

## Vehicle Information

| | |
|---|---|
| Vehicle: | 2007 Lexus RX Utility 4D RX350 AWD 3.5L V6 |
| Region: | Eastern |
| Period: | July 16, 2018 |
| VIN: | 2T2HK31U57C006677 |
| Mileage: | 137,500 |
| Base MSRP: | $38,800 |
| Typically Equipped MSRP: | N/A |
| Weight: | 4,090 |

## NADA Used Cars/Trucks Values

| Auction* | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Low | N/A | N/A | N/A | **N/A** |
| Average | N/A | N/A | N/A | **N/A** |
| High | N/A | N/A | N/A | **N/A** |
| Trade-In | | | | |
| Rough | $6,125 | N/A | N/A | **$6,125** |
| Average | $7,700 | N/A | N/A | **$7,700** |
| Clean | $9,025 | N/A | N/A | **$9,025** |
| | | | | |
| Clean Loan | $8,125 | N/A | N/A | **$8,125** |
| Clean Retail | $11,325 | N/A | N/A | **$11,325** |

*The auction values displayed include typical eqiupment and adjustments for mileage and any of the following applicable accessories: engine size, drivetrain, and trim.

NADA Used Car Guide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report.
NADA Used Car Guide and its logo are registered trademarks of National Automobile Dealers Association, used under license by J.D. Power and Associates.
©2018 J.D.Power and Associates

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| IN RE:<br><br>**HUGH ANTHONY WILSON,**<br><br>DEBTOR. | CHAPTER 13<br>CASE NO. 17-04704-5-DMW |

## NOTICE OF MOTION

TO:  THE DEBTOR, ATTORNEY FOR THE DEBTOR, CO-DEBTOR, TRUSTEE AND OTHER PARTIES IN INTEREST

NOTICE IS HEREBY GIVEN of Flagship Credit Acceptance's ("Flagship") Motion for Relief from Stay of Act Against Property (the "Motion") pursuant to 11 U.S.C. §§ 362 and 1301(c)(2) with respect to Debtor, Hugh Anthony Wilson ("Debtor"), and Co-Debtor, Aicha Zejly Wilson ("Co-Debtor"), filed simultaneously herewith by Flagship in the above-captioned case; and

FURTHER NOTICE IS HEREBY GIVEN that if **Debtor** fails to respond or otherwise plead or request a hearing in writing within fourteen (14) days from the date of this Notice, the relief requested in the Motion may be granted without further hearing or notice; and

FURTHER NOTICE IS HEREBY GIVEN that if **Co-Debtor** fails to respond or otherwise plead or request a hearing in writing within twenty (20) days from the date of this Notice, the relief requested in the Motion may be granted without further hearing or notice; and

FURTHER NOTICE IS HEREBY GIVEN that if a response and a request for a hearing is filed in writing by the Debtor, the Trustee, the Co-Debtor, or other parties in interest named herein within the time indicated, a hearing will be conducted on the Motion and response thereto at a date, time and place to be later set by this court and all interested parties will be notified accordingly.

Respectfully submitted, this the 17th day of July, 2018.

>  */s/ Kristen M. Redman*
>  Kristen M. Redman
>  N.C. State Bar No. 49739
>  *Attorney for Flagship Credit Acceptance*
>  Tuggle Duggins P.A.
>  P. O. Box 2888
>  Greensboro, NC 27402
>  Telephone: (336) 378-1431
>  Email: KRedman@tuggleduggins.com

1181844V1

## **CERTIFICATE OF SERVICE**
## 17-04704-5-DMW

      The undersigned hereby certifies that copies of the attached **Motion for Relief from Stay of Act against Property**, filed simultaneously with the foregoing **Notice of Motion**, were served upon the following by placing copies of same in the United States First-Class Mail, postage pre-paid, addressed as follows, or by the Court's electronic case filing system in the manner prescribed by law to those parties registered with the system for service in this bankruptcy case:

      Hugh Anthony Wilson
      Aicha Zejly Wilson
      500 Caraleigh Court
      Morrisville, NC 27560

      Joshua N. Levy
      Attorney for Debtor
      Levy Law Offices
      140-B Wind Chime Court
      Raleigh, NC 27615

      John F. Logan
      Office of the Chapter 13 Trustee
      P.O. Box 61039
      Raleigh, NC 27661-1039

This the 17th day of July, 2018.

      */s/ Kristen M. Redman*
      Kristen M. Redman
      N.C. State Bar No. 49739
      *Attorney for Flagship Credit Acceptance*

1181844V1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| IN RE:<br><br>HUGH ANTHONY WILSON,<br><br>    DEBTOR. | CHAPTER 13<br>CASE NO. 17-04704-5-DMW |
|---|---|

ORDER TERMINATING THE AUTOMATIC STAY
*(2007 Lexus RX 350)*

1. Respondent filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 26, 2017. John F. Logan is the appointed Chapter 13 Bankruptcy Trustee in this case.

2. On or about March 24, 2015, Debtor and Co-Debtor entered into Retail Installment Sale Contract (the "Contract") with Auction Direct USA, for the purchase of a **2007 Lexus RX 350; Vehicle Identification No. 2T2HK31U57C006677** (the "Vehicle"). The Contract was assigned to Flagship. True copies of the Contract, including its assignment to Flagship, and a North Carolina DMV Lien Title Report reflecting the interest of Flagship are attached to the Motion for Relief as Exhibits "A" and "B" respectively.

3. As of July 3, 2018, the balance due under the Contract to Movant is $14,619.15.

1181869V1

Also as of July 13, 2018, the account had an arrears balance of $4,697.87. Pursuant to the Contract, monthly installment payments are $514.43. A true copy of the account's transaction history through July 3, 2018, is attached to the Motion for Relief as Exhibit "C."

4. Per Debtor's confirmed Chapter 13 Plan, Flagship is to be paid direct by Debtor, and Debtor's pre-petition arrears of $162.00 are to be paid via the plan. As of July 3, 2018, Debtor's account was past due 270 days, with a due date of October 8, 2017.

5. According to the NADA Guides, the Vehicle's clean retail value is $11,325.00. There is no equity in the Vehicle. A true copy of the NADA Guides Value report referenced for this amount is attached to the Motion for Relief as Exhibit "D."

6. A continuation of the automatic stay and co-debtor stay will work real and irreparable harm to Flagship and will deprive Flagship of the adequate protection to which it is entitled under 11 U.S.C. §§ 361-62 and 1301 for the following reasons, among others:

   (a) The Vehicle is not necessary for Respondent's reorganization;

   (b) Debtor and Co-Debtor have failed to make payments to Flagship pursuant to the terms of the Contract and the Chapter 13 plan;

   (c) Debtor's account is significantly in arrears; and

   (d) There is no equity in the Vehicle.

7. Based upon the above stipulated facts, the Court concludes as a matter of law that Flagship is entitled to relief from the automatic stay and co-debtor stay. Accordingly:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. ORDERED that the Motion of Flagship Credit Acceptance is granted; and

2. IT IS FURTHER ORDERED that the automatic stay and co-debtor stay are hereby lifted and terminated to allow Flagship to recover and liquidate the Vehicle, to exercise its available rights and remedies and to have such contact with Debtor and Co-Debtor as is necessary; and

1181869V1

3. IT IS FURTHER ORDERED that Debtor and Co-Debtor shall voluntarily release the Vehicle to Flagship or advise it of the location of the Vehicle and the name, address, and telephone number of any third party in possession of the Vehicle; and

4. IT IS FURTHER ORDERED that Flagship shall have 120 days from the date of entry of this Order to file a deficiency claim for any amount remaining due and owing under the Contract after the sale of the Vehicle.

"END OF DOCUMENT"

1181869V1